UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIBANK, NA, AS TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>ARNEL FRANCISCO, et al.,<br><br>Defendants. | Civ. No.  S-13-1919 KJM DAD (PS)<br><br><br><br>ORDER |

On or about January 27, 2012, Citibank filed a complaint for unlawful detainer in Solano County Superior Court, alleging that Citibank had purchased 128 Southport Court, Vallejo, California at a trustee's sale on July 21, 2011; and that Citibank had served a notice to quit on defendants Arnel and Janeth Francisco, but that defendants have refused to deliver possession of the property to Citibank. Notice of Removal, ECF No. 1 at 16-18.

Defendants, proceeding pro se, removed the case to this court on September 17, 2013, alleging improper service and questioning jurisdiction, but claiming to have accepted service as of the date of the filing of the notice of removal. ECF No. 1 at 2. They also allege the removal is timely because it is "less than a year since the commencement or notice of the abovementioned proceedings and is timely under 28 U.S.C. § 1332 since the Plaintiff failed to specify or ascertain the total amount in controversy in the initial pleading of the instant or summary proceedings." *Id*. at 2. Defendants further allege that removal is proper because

1 Citibank is acting as a trustee for a Structured Asset Mortgage Investment II Trust 2007-AR5,
2 which is not a California citizen and defendants are California citizens. *Id*. at 3.  They also
3 contend there is federal question  jurisdiction because the underlying case is essentially an
4 attempt to collect a debt within the meaning of 15 U.S.C. § 1692. *Id*.

5       Defendants do not acknowledge that they have attempted once before to remove
6 this action from Solano County Superior Court or that this court previously remanded the same
7 action because it was not timely removed.  *Citibank v. Francisco*, Civ. No. S-13-1268 KJM AC.[1]
8 They also do not mention an earlier attempt to remove the unlawful detainer proceeding to the
9 bankruptcy court, which remanded the case to Solano County Superior Court.  *See Citibank v.*
10 *Francisco*, Civ. No. 13-1268 KJM AC, ECF No. 11 at 2.

11       An action filed in state court may be removed to the district court where the state
12 court is located if the district court has original jurisdiction over the action.  28 U.S.C. § 1441(a).
13 District courts have original jurisdiction in two situations: 1) federal question jurisdiction over
14 "civil actions arising under the Constitution, laws, or treaties of the United States";
15 and  2)diversity jurisdiction where "the matter in controversy exceeds the sum or value of
16 $75,000, exclusive of interest and costs" and there is complete diversity between the parties.  28
17 U.S.C. §§ 1331, 1332(a).

18       The Ninth Circuit "strictly construe[s] the removal statute against removal
19 jurisdiction, *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863
20 F.2d 662, 663 (9th Cir. 1988)), and in favor of remand, resolving any ambiguity in favor of
21 remand to state court.  *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009);
22 *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169 (E.D. Cal. 2011).  "Federal
23 jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."
24 *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co*., 592 F.2d 1062, 1064 (9th Cir.
25 1979)).  Because there is a "strong presumption" against removal jurisdiction, the removing party
26 always has the burden of establishing that removal is proper.  *Id*.

---

[1] The court takes judicial notice of its own records. *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

        Defendants have not established any basis for federal question jurisdiction over this unlawful detainer action.  Although they claim the complaint raises a federal question under the Federal Debt Collection Act, no such claim appears on the face of the complaint.  *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'") (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)) (internal alteration omitted).  Here, plaintiff's statement of its case is based wholly on state law.  *See Deutsche Bank Nat'l Trust Co. v. Solih Jora*, No. 10-cv-1617 MCE EFB, 2010 WL 3943584, at *1 (E.D. Cal. Oct. 1, 2010) (stating that an unlawful detainer action arises under state law).  That defendants may be attempting to raise the federal claim as some sort of defense does not give this court jurisdiction.  *Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) (holding that a defendant's claims or defenses do not provide a basis for removal).

        Defendants similarly have not shown that the amount in controversy exceeds the $75,000 threshold.  "[D]istrict courts have consistently rejected . . . attempts to calculate the amount in controversy in removed unlawful detainer actions by looking to the value of the property."  *U.S. Bank Nat'l Ass'n v. Llopis*, No. 2:12–cv–00050 MCE KJN PS, 2012 WL 1455191, at *4 (E.D. Cal. Apr 26, 2012), *findings and recommendations adopted by* 2012 WL 2839898 (E.D. Cal. July 9, 2010); *see also Wells Fargo, N.A. v. Latino*, No. 2:11-cv-2171 MCE DAD, 2011 WL 4591229, at *1 (E.D. Cal. Sep. 23, 2011) (stating that "because unlawful detainer actions contest the right to possession of the property, not title to the property, the actual amount in controversy here is comprised primarily of holdover damages . . . .").  In this case, Citibank seeks damages of $50.00 a day for each day following expiration of the notice to quit that defendants remain in possession of the property.  ECF No. 1 at 18.  Using January 14, 2012, the day the notice to quit was served, as the starting point, and September 26, 2013 as the end point, the court calculates that defendants have held over 621 days; at $50.00 a day, Citibank would be

1  entitled to $31,050.  Defendants have not satisfied the amount in controversy necessary for
2  removal jurisdiction.
3         A court has inherent authority to "fashion an appropriate sanction for conduct
4  which abuses the judicial process." *Chambers v. NASCO, Inc*., 501 U.S. 32, 44–45 (1991).
5  Sanctions under the court's inherent authority must be based on a determination that counsel "has
6  acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Roadway Express, Inc. v.*
7  *Piper*, 444 U.S. 752, 766 (1980).  Although a wide variety of conduct may be deemed tantamount
8  to bad faith, "[b]ecause of their very potency, inherent powers must be exercised with restraint
9  and discretion." *Chambers*, 501 U.S. at 44; *see, e.g*., *Haeger v. Goodyear Tire & Rubber Co*.,
10 906 F. Supp. 2d 938, 974 (D. Ariz. Nov. 8, 2012) (providing examples of actions found to be
11 undertaken in bad faith or tantamount to bad faith).  The court's power to sanction vexatious
12 conduct is not limited to attorneys, but may be exercised against those proceeding in propria
13 persona.  *See Stoller ex rel. Stoller v. Bank of N.Y. Mellon*, NO. CV 12-1307-PHX-GMS, 2013
14 WL 5328052, at *10 (D. Ariz. Sep. 24, 2013) ("Pro se litigants may be sanctioned where there is
15 evidence of bad faith due to multiple proceedings, which are unreasonable and vexatious.").
16        In this case defendants did not acknowledge their previous attempts to remove this
17 unlawful detainer action to this court and to the bankruptcy court.  They will be given the
18 opportunity to explain why they should not be sanctioned in the amount of $500 for acting
19 vexatiously.
20        IT IS THEREFORE ORDERED that:
21        1. This case is remanded to Solano County Superior Court forthwith; and
22        2. Within fourteen days of days of the date of this order, defendants must show
23 cause why they each should not be sanctioned in the amount of $500.
24 DATED: September 28, 2013.

_____
UNITED STATES DISTRICT JUDGE