UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIBANK, NA, AS TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>ARNEL FRANCISCO, et. al.,<br><br>Defendants. | No. 2:13-CV-1919 KJM DAD<br><br><br><br>ORDER |

   On September 30, 2013, the court remanded this case and directed the defendants to show cause why they should not be sanctioned in the amount of $500 each for their failure to acknowledge their previous attempts to remove this unlawful detainer action from Solano County Superior Court to this court. ECF No. 6. They have not responded to the order.

   By filing a pleading, a party certifies that "it is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." FED. R. CIV. P. 11(b)(1). An action is harassing within the meaning of Rule 11 if it is a successive filing, involving the same parties, advancing a claim resolved adversely to the filer in the earlier case. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 834 (9th Cir. 1986), *overruled on other grounds by Cooter & Gell v. Hartmax Corp.*, 396 U.S. 384 (1990); *McMahon v. Pier 39 Ltd. P'ship*, No. C03–00251 CRB, 2003 WL 22939233, at *6 (N.D. Cal. Dec. 5, 2003) (finding Rule 11 sanctions warranted against pro per plaintiff who brought successive suits against the same

1

defendants in state and federal courts).  As noted in the prior order, acting through counsel defendants had previously unsuccessfully removed this unlawful detainer action to this court and also to bankruptcy court.

Nevertheless, upon reflection, and as another judge of this court has observed, even though "[j]udges are understandably frustrated when they receive frivolous or repetitive motions or other pleadings and are understandably annoyed at having to spend time and judicial energy in rejecting" them, the court should not vent its frustrations by punishing parties when it would not benefit the other litigants or the court.  *Lodi Mem. Hosp. Ass'n v. Blue Cross of Cal.*, No. 2:12-CV–1071 WBS GGH, 2012 WL 3638506, at *13 (E.D. Cal. Aug. 22, 2012).  Although this court decries defendants' repeated attempts to use this court to thwart California's non-judicial foreclosure process and unlawful detainer proceedings, punishing defendants with monetary sanctions would not benefit plaintiffs or this court.  That said, defendants are cautioned that again attempting to remove unlawful detainer proceedings will cause the court to revisit sanctions.

IT IS THEREFORE ORDERED that the order to show cause, ECF No. 6, is discharged.

DATED:  November 7, 2013.

_____
UNITED STATES DISTRICT JUDGE